UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRAD A. CARTEAUX, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-00445-HAB-SLC |
| TOWN OF ROME CITY, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On January 27, 2023, Plaintiff filed a motion for leave to file a second amended complaint (ECF 28), seeking to remove Defendants Adam Bailey and the City of Kendallville and to clarify his claims against the remaining Defendants. Defendants Town of Rome City and Town Marshal Paul Hoffman ("Rome City Defendants") filed a response on February 7, 2023, opposing the motion. (ECF 30). On February 14, 2023, Plaintiff filed a motion for extension, seeking to extend his deadline to reply to Rome City Defendants' response. (ECF 31). The Court granted the motion and extended Plaintiff's deadline to reply to and including February 21, 2023. (ECF 32). On February 22, 2023, Plaintiff filed a reply (ECF 34), making the matter ripe for adjudication. On March 1, 2023, however, Rome City Defendants filed a surreply without leave of Court. (ECF 36). For the following reasons, Plaintiff's motion (ECF 28) will be TAKEN UNDER ADVISEMENT. Further, Defendants' surreply (ECF 36) will be STRICKEN.

### A. Factual and Procedural Background

On October 6, 2022, Plaintiff filed this action in state court pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Fourth Amendment rights. (ECF 3). Plaintiff amended his complaint on November 23, 2022. (ECF 4). Defendants subsequently removed this action from

the Noble County Superior Court on the basis of federal question jurisdiction on December 7, 2022. (ECF 1).

On December 14, 2022, Defendant City of Kendallville filed a motion to dismiss, or in the alternative, a motion to sever Plaintiff's claims, arguing it "did not participate in the same transaction or occurrence" alleged in the complaint. (ECF 13). On January 10, 2023, Plaintiff and Defendant Adam Bailey filed a stipulated motion to dismiss Defendant Adam Bailey, stating that "Plaintiff will continue with his claims against all other named Defendants." (ECF 18).

On January 18, 2023, the Court held a preliminary pretrial conference ("PPTC"), to which all parties participated. (ECF 24). During the hearing, the parties addressed the severance of Plaintiff's claims against Defendants City of Kendallville and Adam Bailey, and Plaintiff stated that he anticipated filing an amended complaint removing those two defendants. (*Id.*). Defendant Town of Rome City, without objecting to the removal of Defendants City of Kendallville and Adam Bailey, stated that the claims against it should also be severed from Plaintiff's claims, as they are unrelated to the facts alleged pertaining to the other Defendants in this action. (*Id.*). However, Plaintiff did not address Defendant Town of Rome City's argument on the record. (*Id.*). Instead, on January 27, 2023, Plaintiff filed the instant motion to amend complaint, seeking to remove Defendants City of Kendallville and Adam Bailey and clarify the claims against the remaining Defendants. (ECF 28).

Rome City Defendants now oppose the motion to amend, arguing that they have been misjoined as the proposed second amended complaint includes "legally and factually distinct claims" against them. (ECF 30 ¶ 2). Specifically, they argue that the claims against Rome City Defendants (1) arose from events completely distinct from the events alleged against the other Defendants, (2) occurred on a different date than the events alleged against the other Defendants, (3) involve different witnesses and evidentiary items of proof than the claims against the other

Defendants, and (4) do not involve any common questions of law or fact as the claims against the other Defendants. (*Id.* ¶ 4).

## B.  Analysis

As a threshold matter, the Court notes that Rome City Defendants filed a surreply in contravention of this Court's Local Rules. The Local Rules permit parties to file a motion, a response, and a reply, but do not contemplate the filing of a surreply. *Lafayette Life Ins. Co. v. City of Menasha*, *Wis*., No. 4:09 CV 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) (citing N.D. Ind. L.R. 7-1(a)). Accordingly, "[t]his Court generally doesn't permit litigants to file a surreply brief." *Hall v. Forest River, Inc.*, No. 3:04-CV-259-RM, 2008 WL 1774216, at *1 n.1 (N.D. Ind. Apr. 15, 2008) (citation omitted). The Court, however, has granted leave to file a surreply when it raises or responds to a new issue or development in the law. *See id*.; *see also Merril Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. 2-09-cv-158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) (citation omitted). Here, the surreply does not raise or respond to a new issue or development in the law. Rather, Rome City Defendants re-assert their argument that amending the complaint would result in misjoinder. (*See* ECF 36). Accordingly, Rome City Defendants' surreply will be STRICKEN as filed in violation of the Court's Local Rules.

Turning to the applicable standard for Plaintiff's motion, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. 15(a)(2). Leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)). Rome City Defendants do not allege undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or futility. Instead, they argue they were improperly joined

in this action. Whether or not this is true, this argument constitutes an objection to the complaint as initially filed, not as amended. Rome City Defendants were already joined as defendants in the first complaint (*see* ECF 1), and they do not point to new facts introduced in the proposed second amended complaint as a basis for their objection. Rome City Defendants' characterization of this issue as misjoinder is not proper on a motion to amend, as the alleged misjoinder occurred when Plaintiff originally filed the complaint.

To the extent Defendants' objections are based on a futility argument, such objections "are more appropriately raised in a motion to dismiss . . . when they can be addressed in a more concise manner." *Kelly v. Laminated Prods., Inc.*, No. 99 C 50234, 2001 WL 503051, at *1 (N.D. Ill. May 10, 2001); *see Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KLM, 2021 WL 3816113, at *2 (D. Colo. Apr. 26, 2021) ("[T]he Court is inclined instead to allow [the party] to amend and leave the question of whether she has adequately stated claims against other parties to be decided on a fully-briefed dispositive motion . . . ."). Thus, Rome City Defendants are free to file a separate motion to dismiss or sever, which will benefit from full and concise briefing by the parties. Additionally, while Rome City Defendants request that the Court sever the case "in the alternative" (ECF 30 at 1-2, 5), "a party cannot embed a motion within a response brief, as motions must be filed separately." *Mojsoski v. Ind. Wesleyan Univ.*, No. 1:22-cv-00019-SLC, 2022 WL 17338426, at *12 (N.D. Ind. Nov. 30, 2022) (citing N.D. Ind. L.R. 7-1(a)). Thus, the Court will not consider Rome City Defendants' request to sever the case at this juncture.

Here, the deadline for Plaintiff to seek leave to amend his complaint was February 20, 2023 (ECF 25), and thus, the motion is timely filed. Further, Plaintiff states that Defendant "City of Kendallville previously filed a Motion to Dismiss/ Motion to Sever Claims to which Plaintiff did not object," and that the same Defendant, along with Defendant Unknown City of Kendallville Officer, are being removed from the complaint. (ECF 28 at 1-2). Thus, Plaintiff's

second amended complaint resolves the issues in the pending motion to sever the claims against Defendant City of Kendallville. (ECF 13). Additionally, there is a pending joint motion to dismiss Defendant Adam Bailey. (ECF 18). Removal of Defendant Adam Bailey from the complaint also addresses the pending motion to dismiss him. Further, the parties discussed and agreed to the severance of Plaintiff's claims against Defendants City of Kendallville and Adam Bailey on the record, during the January 18, 2023, PPTC. (ECF 24).

Nevertheless, Plaintiff agreed in his reply brief that the Unknown Rome City Officer may be dismissed. (ECF 34 ¶ 1). The proposed second amended complaint still contains allegations against that defendant. (ECF 28-1 ¶¶ 4, 6). Thus, while the Court is inclined to grant the motion to amend, Plaintiff should take care to reflect the removal of Defendant Unknown Rome City Officer in the proposed second amended complaint.

## C.  Conclusion

Accordingly, Plaintiff's motion to amend (ECF 28) is TAKEN UNDER ADVISEMENT, pending Plaintiff's filing on or before March 20, 2023, of a revised proposed second amended complaint (ECF 28-1) that removes all claims and allegations against Defendant Unknown Rome City Officer. Once Plaintiff does so, the motion to amend will be summarily granted. Further, Rome City Defendants' surreply (ECF 36) is hereby STRICKEN from the record.

SO ORDERED.

Entered this 6th day of March 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge